AUGUSTUS CURRIER, JR. *vs.* BANGOR RAILWAY & ELECTRIC COMPANY.

Penobscot.    Opinion October 15, 1920.

*The testimony of a witness at a former trial of the same case, may be offered in evidence*
*for the purpose of contradicting his statements at the present trial, without*
*first having called his attention to such former statements*
*and inquire of him in regard to same.*

A witness testifying in a cause on trial may be impeached by offering in evidence said witness' own testimony at a former trial of the same cause, for the avowed purpose of contradicting said witness' statements at the present trial, which said former testimony does tend so to contradict said witness, without first calling the attention of said witness to his former testimony. To exclude said former testimony upon the ground that it is necessary, before introducing evidence of said witness' former statements tending to contradict him, to first call the attention of said witness to such former statements and inquire of him in regard to same, is erroneous, and exceptions will lie.

It has not been the practice in this State to require interrogation of the witness sought to be impeached, upon the questionable matter before introducing the impeaching evidence.

On exceptions and general motion. This is an action on the case for personal injuries alleged to have been sustained by plaintiff while a passenger on a car of defendant. Plea, the general issue.

Verdict for plaintiff.   The defendant offered in evidence the testimony of a witness at a former· trial of the same cause, for the avowed purpose of contradicting the statements of the same witness at the present trial, which said former testimony did tend to contradict the statements of the witness at the present trial.   The defendant had not called the attention of said witness to his former testimony, and the presiding Justice excluded it, on the ground that defendant should first have called the attention of the witness to his former testimony, to which ruling defendant excepted, and the exception is sustained.   The other exception and motion thus became unnecessary to be considered.

Case stated in the opinion.

*Daniel I. Gould, and Clinton C. Stevens,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J.   This is an action on the case for personal injuries alleged to have been sustained by the plaintiff while a passenger on a car of the defendant company.   The jury returned a verdict for plaintiff, and the case comes before the court on exceptions and general motion by the defendant.

It will be necessary to consider the first exception only, viz: "that the plaintiff introduced as a witness at the trial of the issue Dr. Charles D. Edmunds, who· testified as to changes for the worse in the physical condition of the plaintiff since and as a result of the accident.   After said witness had finished his testimony, defendant offered in evidence said witness' own testimony at a former trial of the same cause, for the avowed purpose of contradicting said witness' statements at the present trial relative to the change in plaintiff's physical condition above stated, which said former testimony did tend so to contradict said witness.   The defendant had not called the attention of said witness to his former testimony; and the presiding Justice excluded said former testimony upon the ground that it is necessary, before introducing evidence of a witness's former statements tending to contradict him, to first call the attention of said witness to such former statements and inquire of him in regard to same."

We think this exception must be sustained. It has not been the practice in this State to require interrogation of the witness sought to be impeached, upon the questionable matter before introducing the impeaching evidence.

The first expression of this court upon the point here raised will be found in *Ware* v. *Ware*, 8 Maine, 42; the last in *Inhabitants of New Portland* v. *Inhabitants of Kingfield*, 55 Maine, 172.

It will be unnecessary to consider the second exception, or the motion.

*Exceptions sustained.*